UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

CLASSICSTAR LLC                                              CASE NO. 07-51786

DEBTOR

FORTRESS PACIFIC EQUINE LLC                                  PLAINTIFF

v.                                                           ADV. NO. 09-5250

JAMES D. LYON
FIFTH THIRD BANK, KENTUCKY, INC.
KEENELAND ASSOCIATION, INC.                                  DEFENDANTS

## MEMORANDUM OPINION

This matter having come before the Court on Defendant Keeneland Association's ("Keeneland's") Motion to Dismiss (DOC 9), and a hearing having been held on the matter on January 14, 2010, and an order having been entered treating the motion as a motion for summary judgment and placing the matter under submission (DOC 17), the Court hereby issues this Memorandum Opinion.

### Issues

1. Was notice to Plaintiff's agent sufficient to charge Plaintiff with constructive knowledge?

2. If Plaintiff is charged with constructive knowledge, can Keeneland be liable when it was complying with a valid court order?

### Facts

Plaintiff alleges that Keeneland is liable to it based on Keeneland's turnover of funds pursuant to a November 17, 2008 agreed order in the main bankruptcy case. That order has never been challenged as Plaintiff has never requested that the order be vacated or modified. Notice of the agreed order was not directly provided to

Plaintiff, but notice of the agreed order was provided to Plaintiff's agent, Taylor Made Sales Agency. That notice was an email that stated: "Here is a copy of the order explaining that I am to pay proceeds to the court. I know you have had some people asking so you can have this for your records."

### Conclusions of Law

This Court has jurisdiction under 28 U.S.C. § 157. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

The general rule is that a corporation is charged with constructive knowledge, regardless of its actual knowledge, of all material facts of which its officer or agent receives notice. *See* Fletcher Cyclopedia of the Law of Corporations § 790 (2009). Here, the agent knew of the material fact - that proceeds were to be paid pursuant to court order. For that reason, notice to Plaintiff's agent was sufficient to charge Plaintiff with constructive knowledge.

"One is privileged to commit acts which would otherwise be a trespass to personal property or a conversion when the act is pursuant to a court order which is valid or fair on its face." American States Ins. Co. v. Citizens Fidelity Bank & Trust Co., 662 S.W.2d 851, 853 (Ky. App. 1983). Here the order was valid and notice was proper. For that reason, Keeneland cannot be liable for complying with that order.

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law. A separate order dismissing the case as to Keeneland shall be entered.


COPIES TO:

Earl M. Forte, Esq.
James T. Strawley, Esq.
John O. Morgan, Jr., Esq.

```
Brian M. Johnson, Esq.
Cheryl E. James, Esq.
Gregory R. Schaaf, Esq.
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Wednesday, February 24, 2010
(jms)**